Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7025 | **DATE** | 5/25/2004 |
| **CASE TITLE** | Allstate Life Ins vs. Peoplesoft | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the Court hereby grants defendant's motion to dismiss. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 26 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. Counsel for the parties picked up a copy of the memorandum opinion. | docketing deputy initials | 18 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | MAY 26 2004 | |
| MW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ALLSTATE LIFE INSURANCE CO., )
)
      Plaintiff, )
)
v. ) No. 03 C 7025
)
PEOPLESOFT, INC., )
)
      Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Peoplesoft Inc.'s ("Peoplesoft") motion to dismiss Plaintiff Allstate Life Insurance Inc.'s ("Allstate") complaint. For the reasons stated below, we grant the motion to dismiss.

DOCKETED

MAY 26 2004

## BACKGROUND

On January 29, 1991, TriMark Technologies Inc.("TriMark") and Northbrook Life Insurance Company ("Northbrook"), a wholly owned subsidiary of Allstate, entered into a "Computer Software and Services Contract" ("the contract"). Over the course of the contract, TriMark would submit invoices to Northbrook and in

1

April of 1998, TriMark submitted invoice number 93875, in the amount of $96,678.75, to Northbrook. Allstate, on behalf of Northbrook, inadvertently paid this invoice twice - once on March 22, 1998 and again on May 15, 1998. Both of these checks were cashed by TriMark and cleared Allstate's bank accounts by May of 1998.

In October of 1998, TriMark submitted invoice number 94083, in the amount of $92,615.25, to Northbrook. Allstate, on behalf of Northbrook, also inadvertently paid this invoice twice - once on November 25, 1998 and again on November 30, 1998. Both checks were cashed by TriMark and cleared Allstate's bank accounts in December of 1998.

In May of 1999, Peoplesoft acquired the assets and assumed the liabilities of TriMark. On October 7, 2003, Allstate filed this complaint against Peoplesoft. Allstate's complaint contains two counts - Breach of Contract ("Count I") and Unjust Enrichment ("Count II").

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in

the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

### I. Breach of Contract

Northbrook is a wholly owned subsidiary of Plaintiff Allstate. Defendant

Peoplesoft has acquired the assets and assumed the liabilities of TriMark

Allstate has brought this action against Peoplesoft based on the contract previously entered into between TriMark and Northbrook. Both Allstate and Peoplesoft do not dispute that the contract existed between TriMark and Northbrook. However, both parties do dispute what type of contract existed. Allstate contends in its complaint that the contract between the parties was one for services. Peoplesoft maintains that the contract between the parties was one for the sale of goods.

Allstate, in its complaint, has made reference to the contract between the parties and Peoplesoft has attached a copy of the contract as part of its motion to dismiss. *See Venture Associates Corp. v. Zenith Data Systems Corp*, 987 F.2d 429, 431-432 (7th Cir. 1993)(explaining that documents that are attached to motion to dismiss by a defendant become part of the pleadings and can be considered for a 12(b)(6) motion to dismiss if such documents were "referred to in the plaintiff's complaint and are central to her claim."); *Feigl v. Ecolab, Inc.*, 280 F.Supp.2d 846, 848-49 (N.D. Ill. 2003)(stating that "documents attached to a motion to dismiss are considered to be part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. . . [and that] [a]lthough the plaintiff is under no obligation to attach documents relating to her claim, a defendant may introduce

4

certain documents if the plaintiff has failed to do so . . .[and that] [s]uch documents may be considered by a district court in ruling on the motion to dismiss.");*Calderon v. Southwestern Bell Mobile Systems, LLC,* 2003 WL 22340175, at *1 n.3 (N.D. Ill. 2003)(finding that "Plaintiff did not attach a copy of either the 1997 or the 1999 Agreement to the complaint . . . [but], documents that defendants attach to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to its claim. . . [and that since] Plaintiff refer[red] to both Agreements in the complaint, and they [were] central to its claims [,] [the court could] consider the 1999 Agreement without converting defendant's motion into a motion for summary judgment.") We find that the contract that Allstate has referred to in its complaint is central to Allstate's claim and therefore the contract that was attached to Peoplesoft's motion to dismiss will be considered as part of the pleadings in this matter.

Peoplesoft moves to dismiss Count I of the complaint exclusively on the ground that the contract in question is barred by the statute of limitations. Under Illinois law, computer software is considered a good. *See Softa Group, Inc. v. Scarsdale Development,* 260 Ill.App.3d. 450, 453-453 (1st Dis. 1993)(applying the Uniform Commercial Code to an action where a seller of computer software sought to recover the purchase price of the computer software). Peoplesoft argues that

5

because the contract was for the sale of goods - computer software - it should be governed by the Uniform Commercial Code ("U.C.C."). In contrast, Allstate maintains that the contract was primarily for services and it therefore should be governed by Illinois contract law.

Under the U.C.C., an action for a breach of contract for the sale of goods must be commenced within four years after the cause of action has accrued. 810 ILCS 5/2-725(1). Whereas, under Illinois contract law, an action for a breach of contract must be commenced within ten years after the cause of action accrued. 735 ILCS 5/13-206. Therefore, a resolution of whether the contract was for services or goods is determinative if the contract is governed by Illinois law or by the U.C.C. Furthermore, both parties have acknowledged that a determination of the appropriate governing law (U.C.C. or Illinois contract law) may be dispositive of Count I.

In *Republic Steel Corporation v. Pennsylvania Engineering Corporation* 785 F.2d 174, 181 (7th Cir. 1986), the Seventh Circuit Court of Appeals considered whether under Illinois law a mixed sales/service agreement came within the scope of the U.C.C. Specifically, the Seventh Circuit considered whether the transaction between the parties was "predominantly one for the sale of goods with services incidently involved, or was one for the rendition of services with the sale of goods

incidently involved." 785 F.2d at 181. In *Republic*, the Seventh Circuit found that the agreement in question was "predominately one for the sale of two furnaces, with rendition of engineering, design, installation, and purchase-agency services incidental thereto." *Id.* at 182. Accordingly, the Seventh Circuit held that the statute of limitations period under § 2-725(1) of the U.C.C. was appropriately applied to the agreement. As a result of the application of the U.C.C. statute of limitations in *Republic*, the plaintiff's contract claims were barred. *Id.*

In determining whether the contract in this action comes under the scope of the U.C.C., we consider the factors set forth above in *Republic*. As in *Republic*, the contract in dispute in this case is a mixed sales/service agreement. The title of the contract indicates that it is a "Computer Software and Services Contract" and the body of the contract makes references to certain services in conjunction with the sale of computer software. A careful review of the contract indicates that it is a predominantly a contract for the sale of computer software with incidental services, such as installation, technical support, maintenance, training, and licence to permit use of the software assets. Allstate's attempt to construe the contract as one for services is inconsistent with the terms of the contract. The underlined purpose found throughout the contract is an agreement for the sale of computer software with a few customary services which are incidental to the contract's purpose.

Inasmuch as the contract is predominantly one for the sale of computer software, and because under Illinois law computer software has been considered a good under the U.C.C., the U.C.C. statute of limitations applies to the contract.

Under the U.C.C., an action for a breach of contract for the sale of goods must be commenced within four years after the cause of action has accrued. 810 ILCS 5/2-725(1). Allstate states in the complaint that all of the double payments it inadvertently paid on behalf of Northbrook to TriMark were made in 1998. Therefore, under the U.C.C., Allstate would have had to have brought an action for breach of contract no later than December of 2002 (within four years after the cause of action accrued). Allstate filed this action in October of 2003. Because Allstate failed to bring an action for breach of contract within the statutory period afforded to it under the U.C.C., the motion to dismiss Count I is granted.

## II. Unjust Enrichment

In Count II, Allstate has elected to plead an unjust enrichment claim. Peoplesoft argues that because Allstate has admitted that there is a valid and existing contract between the parties in Count I, Allstate cannot also state a claim for unjust enrichment in Count II. A plaintiff, under Illinois law, "may not state a claim for unjust enrichment when a contract governs the relationship between the parties." *First Commodity Traders, Inc. v. Heinhold Commodities, Inc*, 766 F.2d 1007, 1011 (7th Cir. 1985). Allstate admits that the contract is a valid and duly enforceable

written agreement between the parties. As such, Allstate may not state a claim for unjust enrichment. Therefore, the motion to dismiss Count II is also granted.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to dismiss.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 25, 2004